[608 NYS2d 489]

In the Matter of ROBERT A. EISENBERG (Admitted as ROBERT ALAN EISENBERG), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 28, 1994

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*Robert A. Eisenberg,* Gaithersburg, Maryland, resignor *pro se.*

## OPINION OF THE COURT

Per Curiam.

Robert A. Eisenberg has submitted an affidavit dated December 27, 1993, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9).

Mr. Eisenberg concedes in his affidavit that there is presently pending with the Grievance Committee for the Second and Eleventh Judicial Districts a petition containing two charges of professional misconduct against him. The charges allege that respondent converted client escrow funds to his own benefit while a partner at Kramer, Eisenberg & Fisherman, from May 1987 through November 1988, and that he deposited into his personal account two certified checks, which he had received from clients in a real estate transaction, remitted the bulk of those funds to tax authorities, and retained $2,197.04 for his own use and benefit, without his clients' authorization. Mr. Eisenberg acknowledges that he would be unable to defend himself against the charges predicated on these complaints.

Mr. Eisenberg indicates that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation. Mr. Eisenberg acknowledges that he is submitting his resignation subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, and acknowledges the continuing jurisdiction of this Court. Mr. Eisenberg is also aware that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him and he specifically waives the opportunity to be heard in opposition thereto.

Mr. Eisenberg averred that he has replaced all funds removed by him from the escrow account.

Counsel for the Grievance Committee has recommended that this Court accept the resignation. Under the circumstances, the resignation of Robert A. Eisenberg as a member of the Bar is accepted and directed to be filed. Accordingly, Robert A. Eisenberg is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and MILLER, JJ., concur.

Ordered that the resignation of Robert A. Eisenberg is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert A. Eisenberg, admitted under the name Robert Alan Eisenberg, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Robert A. Eisenberg shall comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert A. Eisenberg is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.